By: Richard DiTomaso, Esq.
DiTomaso Law
901 Route 38
Cherry Hill, New Jersey 08002
(856) 414-0010
Attorney for Plaintiffs, Winsome Gallimore,
Individually and as Executor for the Estate of
Earl Gallimore.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| WINSOME GALLIMORE, INDIVIDUALLY, AND AS EXECUTOR FOR THE ESTATE OF EARL GALLIMORE | : : : : | **CIVIL ACTION NO.** |
| **PLAINTIFFS,** v. | : : : | **HON.** |
| FEDEX CORP., FEDEX GROUND, KEI CONTRACTORS, INC. AND ANTWAN WADE. | : : : : | **COMPLAINT AND JURY TRIAL DEMAND** |
| **DEFENDANTS.** | : : : | |

Plaintiffs, Winsome Gallimore, Individually, and as Executor of the Estate of Earl Gallimore, by way of complaint against the Defendants, state as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff, Winsome Gallimore, who resides at 208 Evergreen Dr., Willingboro, New Jersey, was the wife of the decedent, Earl Gallimore, whose date of death was December 7, 2016 at a time of 2:41 p.m.. As such, Winsome Gallimore is a citizen of the State of New Jersey.

2.  Plaintiff Winsome Gallimore is the Executor of the Estate of Earl Gallimore, and has been duly appointed so by the Burlington County Surrogate Court. As such, the Estate of Earl Gallimore is deemed a citizen of the State of New Jersey for purposes of jurisdiction.

3.    The decedent, Earl Gallimore, is survived by his Wife, Winsome Gallimore, his daughter Janay Gallimore, and his son Andre Gallimore, all of whom reside at the same address. As such, the Plaintiffs and all dependents are citizens of the State of New Jersey for purposes of diversity jurisdiction.

4.    Defendant, FedEx Corporation, is a Delaware Corporation, with its principal place of business located 942 Shady Grove Road South, Memphis, TN 38120-4117. As such, Defendant FedEx Corporation is deemed a citizen of both Delaware and Tennessee for purposes of diversity jurisdiction.

5.    Defendant FedEx Ground, is a subsidiary of FedEx Corporation, with its principal place of business also in Tennessee, and is deemed a citizen of such for purposes of diversity jurisdiction.

6.    Defendant KEI Contractors, Inc. is a Maryland Corporation, with its principal place of business located 1208 Fescue Circle, La Plata, Maryland 20646. As such, Defendant KEI Contractors, Inc. is deemed a citizen of Maryland for purposes of diversity jurisdiction.

7.    Defendant, Antwan Wade, is an adult individual, whose address is believed to be 12401 Brickyard Blvd., Apt. 3097, Beltsville, MD 20705. As such, defendant Wade is a citizen of Maryland for purposes of diversity jurisdiction.

8.    Based on the foregoing, the Parties are completely diverse pursuant to 28 U.S.C. § 1332, et. seq., and thus diversity jurisdiction and venue are proper.

9.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and plaintiff and defendants are citizens of different states.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a) and (c).

## FACTUAL BACKGROUND

11.   On December 7, 2016, at approximately 3:00 a.m., a cold rainy evening, the decedent, Earl Gallimore, was the operator of a 2009 Volvo Tractor Trailer, bearing license plate number NJ AL342Z, proceeding North on the New Jersey Turnpike, in the outer lanes, near mile post 57.8, when his vehicle lost electrical power.  It was pulling a trailer owned by Herman's Forwarding, Inc.

12.   The decedent, Earl Gallimore, maneuvered his vehicle safely onto the shoulder, where it came to a rest completely within the shoulder area near mile post 57.8.

13.   In an attempt to service the vehicle and detect the source of the problem, the decedent, Earl Gallimore, exited the tractor and began to investigate the source of the electrical problem on the shoulder of the Turnpike next to the tractor.

14.   On or about the same time, the Defendant, Antwan Wade, was operating a 2013 White Freightliner tractor, with license plate MD 809F64, owned by Defendant, KEI Contractors, Inc., and pulling a trailer owned by Defendant FedEx Corporation and/or FedEx Ground.

15.   Defendant Wade was also proceeding North on the New Jersey Turnpike in the outer lanes, near mile post 57.8.

16.   On or about the same time, Defendant Wade struck the trailer of decedent, Earl Gallimore, owned by Herman's, and then proceeded to strike the decedent, Earl Gallimore as a pedestrian on the shoulder.  Earl Gallimore subsequently died at 2:41 p.m. the same day.

17.   Earl Gallimore is survived by his wife, Plaintiff, Winsome Gallimore, daughter Janay Gallimore, and son Andre Gallimore.

18.   Defendant Antwan Wade continued to operate the tractor trailer and fled the scene of the accident, not stopping, and not leaving the turnpike until exit 7A, approximately 3 miles away.

19. The first telephone call that defendant Antwan Wade made was not to 911, but rather his employer, defendant KEI Contractors, Inc., at 3:08 a.m. who instructed him to call defendant FedEx and not dial 911. He was instructed to call defendant FedEx, rather than 911.

20. The second telephone call made by defendant Antwan Wade was to defendant FedEx, at 3:27 a.m., who instructed and required him to unhook his tractor and trailer, prior to calling 911. Defendant Antwan Wade complied and unhooked the trailer prior to calling 911.

21. It was not until 3:33 a.m. when defendant Antwan Wade called 911 finally at the request of defendant FedEx, this was at least 30 minutes if not more, since the accident, where decedent Earl Gallimore was lying alive on the cold and wet shoulder of the New Jersey Turnpike. The State Police discovered Mr. Gallimore prior to defendant Wade calling 911.

22. Defendant Antwan Wade was lying in the sleeper berth of his tractor, talking on his cell phone, at the time State Police arrived to investigate the accident.

23. Defendant Antwan Wade had only been working for defendant KEI Contractors, Inc. for approximately 6 months at the time of this accident.

24. Defendant Antwan Wade only had a CDL license for approximately 4 years at the time of this accident.

25. On the day prior to the accident, defendant Antwan Wade arrived home somewhere around 6:30 - 7:00 a.m. on December 6, 2016, after driving a 12 hour shift for Defendants FedEx Corporation, FedEx Ground and KEI Contractors, Inc.

26. Defendant Antwan Wade slept for approximately 4-5 hours before waking up at noon, having to care for his infant daughter the entire afternoon before his shift.

27. Defendants FedEx Corporation, FedEx Ground and KEI Contractors, Inc. knew that defendant Antwan Wade was not getting adequate sleep prior to his 12 hour driving shift in the time before the day of Mr. Gallimore's death.

Page 4 of 17

28.   After only getting 4-5 hours sleep, defendant Antwan Wade began his shift at 6:50 p.m. on the night of December 6, 2016 in Maryland.

29.   Defendant Antwan Wade then proceeded to his first FedEx stop in Hagerstown, Maryland for a hookup of a trailer around 7:30 p.m.

30.   Defendant Antwan Wade was then held up at the FedEx in Hagerstown, Maryland for a two hour delay before leaving Hagerstown.

31.   Defendants FedEx Corporation, FedEx Ground and KEI Contractors, Inc. knew of defendant Wade's delay, and still required him to be on time to the other FedEx locations, knowing that he would not get adequate rest.

32.   Defendants FedEx Corporation, FedEx Ground and KEI Contractors, Inc. knew exactly the times defendant Antwan Wade was delivering, since he called into defendants FedEx and KEI throughout the evening to update him on his status.

33.   Defendant Antwan Wade then proceeded to the FedEx location in South Philadelphia where he arrived at approximately 2:00 a.m. and left approximately 2:11 a.m..

34.   When defendant Antwan Wade left South Philadelphia, he was supposed to be at FedEx Woodbridge / Kearny shortly thereafter, but was now running behind because of the delay.

35.   Defendants Antwan Wade, FedEx Corporation, FedEx Ground, and KEI Contractors, Inc. knew that Wade had to get to FedEx Woodbridge / Kearny by a certain time, and that he would not have time to stop and rest, so he can get back to Maryland by 7:00 a.m., the end of his shift.

36.   Defendant Antwan Wade's last thought prior to the accident was wanting to pull over and get some sleep.

37.   The State Police, during routine patrol of the New Jersey Turnpike, came across debris in the area of milepost 57.1, and investigated the accident at 3:07 a.m.  The accident had still not been called into 911 by defendant Wade.

38.   The vehicle being operated by decedent Earl Gallimore, was not moving at the time of the impact with Defendant Wade.

39.   At all times relevant hereto, Defendant Antwan Wade, was in the course and scope of his employment and was acting as an agent/servant and or employee of Defendants FedEx Corporation, FedEx Ground and KEI Contractors, Inc.

40.   At all times relevant hereto, Defendants FedEx Corporation, FedEx Ground and / or KEI Contractors, Inc. owned, controlled and/or maintained the 2013 White Freighliner Tractor and FedEx trailer being carried, which was involved in the subject fatal accident.

## COUNT ONE - NEGLIGENCE, RECKLESSNESS  AND WRONGFUL DEATH AS TO DEFENDANT ANTWAN WADE

41.   Plaintiffs hereby repeat and re-allege each and every allegation set forth in paragraphs 1-40 as if each were set forth in detail herein.

42.   At all times relevant herein, Defendant, Antwan Wade, had a duty to:

    (a)   maintain a safe speed;

    (b)   stay alert and awake while operating a tractor trailer;

    (c)   get proper rest before operating a tractor trailer;

    (d)   drive a tractor trailer with conscious regard for others on the roadway;

    (e)   pay proper attention while operating a tractor trailer on the roadway;

    (f)   maintain a proper lookout while operating a tractor trailer on the roadway;

    (g)   not flee the scene after being involved in an accident;

    (h)   maintain his proper lane of travel while operating a tractor trailer;

    (i)   observe a clear, assured distance ahead;

    (j)   not drive in a careless or reckless fashion;

    (k)   avoid being negligent in the operation of a tractor trailer; and

    (l)   not fall asleep at the wheel of a tractor trailer on the roadway.

43.   The accident was caused solely by the negligent, careless and reckless actions of the Defendant, Antwan Wade, which include but are not limited to the following:

    (a)   Driving too fast for conditions;

    (b)   Falling asleep at the wheel and striking the decedent as a pedestrian;

parallel

(c)    Failing to get proper rest before operating a tractor trailer;

(d)    Driving in a trance like state;

(e)    Driving reckless while consciously disregarding a substantial risk of driving while fatigued and/or tired and / or sleepy.

(f)    Failure to maintain lanes;

(g)    Not paying attention;

(h)    Speeding

(i)    Driving reckless and careless;

(j)    Failure to maintain a proper lookout;

(k)    Operating the vehicle a reckless, careless and negligent fashion without due regard for the safety and concern of others on the highway;

(l)    Recklessly operating a vehicle when he knew that he was too tired, fatigued and in a trance to do so;

(m)    Fleeing the scene of a fatal accident while grave, serious injury occurred to the decedent, Earl Gallimore, ultimately resulting in his untimely death;

(n)    Driving approximately 3 miles after fleeing the scene, exiting the turnpike and unhooking the tractor trailer prior to calling 911.;

(o)    Failing to timely call 911 so that proper medical care can be dispatched to attend to Mr. Gallimore, depriving him of a chance to save his life; and

(f)    Failing to take the necessary steps to preserve the FedEx trailer for inspection by State Police.

44.    Plaintiffs invoke the doctrines of Res Ipsa Loquitur, Ostensible Agency, and Respondeat Superior, with respect to Antwan Wade and his relation to KEI Contractors, Inc., FedEx Corporation, and FedEx Ground, and with respect to KEI Contractors and its relation to FedEx Corporation and FedEx Ground, such that each is an agent, employee or servant of the other, whose actions are vicariously imputed to the other, respectively.

45.   As a direct and proximate result of the aforesaid carelessness, recklessness and negligence of the defendant, Antwan Wade, the decedent plaintiff, Earl Gallimore, suffered horrendous pain for almost 11 hours until his untimely death at 2:41 p.m. on 12.7.16.

46.   As a further direct and proximate result of the aforesaid careless, recklessness and negligence of defendant Antwan Wade, the decedent, Earl Gallimore, sustained personal injury, both of an internal and external nature, and both temporary and permanent in nature, had endured great pain and suffering for almost 11 hours, all prior to and which ultimately caused his untimely death.

47.   As a further direct and proximate result of the aforesaid careless, recklessness and negligence of defendant Antwan Wade, the decedent, Earl Gallimore, laid on the New Jersey Turnpike, conscious and suffering, for at least 30 minutes on a cold, rainy, and wet roadway, prior to being found by a passing State Trooper.

48.   As a further direct and proximate result of the aforesaid careless, recklessness and negligence of defendant Antwan Wade, the decedent Earl Gallimore, suffered and sustained injuries to his bones, muscles, nerves, blood vessels, tissues, organs, lungs, liver and brain, all of which caused him great conscious pain and suffering over 11 hours, wherein he suffered death three times, and he had to be revived before succumbing to his untimely death at 2:41 p.m.

49.   As a further direct and proximate result of the aforesaid careless, recklessness and negligence of defendant Antwan Wade, the Plaintiff, Winsome Gallimore, and her children, Janay Gallimore and Andre Gallimore, will suffer the loss of income, consortium, emotional support and maintenance of Earl Gallimore currently and into the foreseeable future.

50.   As a further direct and proximate result of the aforesaid careless, recklessness and negligence of defendant Antwan Wade, Winsome Gallimore incurred substantial out of pocket expenses and loss of life's pleasures with her husband Earl Gallimore.

51.    As a further direct and proximate result of the aforesaid careless, recklessness and negligence of defendant Antwan Wade, Earl Gallimore's heirs, Winsome Gallimore, Janay Gallimore and Andre Gallimore  will be deprived of guidance, love, tutelage, companionship, support and comfort, which they would have received from him for the remainder of his natural life.

52.    As a further direct and proximate result of the aforesaid careless, recklessness and negligence of defendant Antwan Wade, Andre Gallimore, who was 15 years old at the time of his father's untimely death, will especially deprived of the services of his father. Andre Gallimore is a special needs child, suffering from muscular dystrophy and cerebral palsy, is wheelchair bound, requires special schooling and round the clock care with respect to activities of daily living, as he cannot dress himself, feed himself, or take proper personal care of himself, all of which were duties of his father, the decedent, Earl Gallimore.

53.    As a direct and proximate result of the previously plead facts and actions of the defendants, the decedent Earl Gallimore, incurred substantial future lost wages, out of pocket medical expenses, resulting in a workers compensation lien pursuant to Section 40 of the New Jersey Workers Compensation Act, and loss of life's pleasures.

54.    Earl Gallimore was born on February 5, 1962, and was 54 years old at the time of his untimely death, and according to the 2016 New Jersey life expectancy tables had 27.7 years left of expected life.

**WHEREFORE**, the Plaintiffs, Winsome Gallimore, Individually, and as Executor of the Estate of Earl Gallimore, demand Judgment against Defendant, Antwan Wade, and all of the Defendants, including FeEx Corporation, FedEx Ground, and KEI Contractors, Inc., jointly, severally and in the alternative, pursuant to N.J.S.A. 2A:31-1, et. seq., the New Jersey Wrongful Death Act, for damages, plus costs of suit, interest, attorney's fees, and any and all other relief as the Court deems just and proper.

## COUNT TWO - NEGLIGENCE, RECKLESSNESS  & WRONGFUL DEATH AS TO FEDEX, FEDEX GROUND and KEI CONTRACTORS

55.    Plaintiffs hereby repeat and re-allege each and every allegation set forth in paragraphs 1-54 as if each were set forth in detail herein.

56.   The accident was caused solely by the negligent, careless and reckless actions of the Defendants, FedEx Corporation, FedEx Ground, and KEI Contractors, Inc., either directly or by agency and respondeat superior, which include but are not limited to the following:

(a)   Requiring and allowing Antwan Wade to drive too fast for conditions;

(b)   Requiring and allowing Antwan Wade to remain behind wheel of a its tractor trailer without adequate and proper rest;

(c)   Requiring Antwan Wade to maintain a delivery deadline to arrive at FedEx in Woodbridge / Kearny, New Jersey, after knowing Antwan Wade was delayed for two hours at a prior FedEx location, preventing him from getting proper rest; before operating a tractor trailer;

(d)   Requiring and instructing Antwan Wade to unhook the tractor and trailer before calling 911, further jeopardizing the health, safety and wellness of decedent Earl Gallimore;

(e)   Failing to instruct Antwan Wade to return to the accident scene, three miles back, where the decedent Earl Gallimore lay dying in pain on the shoulder of the road for at least 30 minutes;

(f)   Failing to timely call 911 to report the accident to provide medical care to the decedent Earl Gallimore, which could have saved his life;

(g)   Not paying attention;

(h)   Speeding

(i)   Driving Careless;

(j)   Failure to maintain a proper lookout;

(k)   Operating the vehicle a reckless, careless and negligent fashion without due regard for the safety and concern of others on the highway;

(l)   Recklessly operating a vehicle when he knew that he was too tired, fatigued and in a trance to do so;

(m)   Fleeing the scene of a fatal accident while grave, serious injury occurred to the decedent, Earl Gallimore, ultimately resulting in his untimely death;

(n)     Driving approximately 3 miles after fleeing the scene, exiting the

turnpike and unhooking the tractor trailer prior to calling 911.; and

(o)     Failing to take the necessary steps to preserve the FedEx trailer for

inspection by State Police.

57.     As a direct and proximate result of the reckless, careless and negligent actions of

Defendants FedEx Corporation, FedEx Ground, and KEI Contractors, Inc., the Plaintiffs

have sustained extensive and egregious damages as outlined in paragraphs 45-54 of this

complaint as if fully set forth at length herein.

**WHEREFORE**, the Plaintiffs, Winsome Gallimore, Individually, and as Executor of the Estate

of Earl Gallimore, demand Judgment against all of the Defendants, including FeEx Corporation, FedEx

Ground, KEI Contractors, Inc. and Antwan Wade, jointly, severally and in the alternative, pursuant to

N.J.S.A. 2A:31-1, et. seq., the New Jersey Wrongful Death Act, for damages, plus costs of suit, interest,

attorney's fees, and any and all other relief as the Court deems just and proper.

### COUNT THREE - NEGLIGENT ENTRUSTMENT, HIRING AND PUNITIVE DAMAGES
### AS TO DEFENDANTS FEDEX CORPORATION, FEDEX GROUND
### AND KEI CONTRACTORS, INC.

58.     Plaintiffs hereby repeat and re-allege each and every allegation set forth

in paragraphs 1-57 as if each were set forth in detail herein.

59.     By virtue of the actions set forth in the above paragraphs of the complaint, Defendants

FedEx Corporation, FedEx Ground and KEI Contractors negligently recklessly hired

defendant Antwan Wade, and negligently and recklessly entrusted a tractor and trailer to

defendant Antwan Wade, with conscious disregard of the safety of others, knowing that

he (1) did not have the requisite driving experience, (2) was too tired and fatigued to

complete his run; and (3) was delayed at other FedEx locations, yet defendants insisted

that he finish the route and maintain his time of delivery to FedEx in Woodbridge, New

Jersey; and (4) knew that defendant Antwan Wade was unfit to operate a tractor trailer,

overly tired, was incompetent, and possessed dangerous attributes in driving a tractor

trailer due to his lack of sleep and proper rest.

60.    Defendants FedEx Corporation, FedEx Ground and KEI Contractors were reckless and , negligent and carless and should have foreseen that such facts and qualities of defendant Antwan Wade, as outlined in paragraph 58 above, created a risk of harm to other persons.

61.    As a direct and proximate result of the reckless, careless and negligent actions of Defendants FedEx Corporation, FedEx Ground, and KEI Contractors, Inc., the Plaintiffs have sustained extensive and egregious damages as outlined in paragraphs 45-54 of this complaint as if fully set forth at length herein.

62.    The actions of defendants, FedEx Corporation, FedEx Ground, KEI Contractors, Inc. and Antwan Wade were especially reckless and egregious, such that the principals and management of defendants FedEx Corporation, FedEx Ground, and KEI Contractors, Inc. actually participated in the conduct of defendant Antwan Wade, and also demonstrated a wilful indifference to the conduct of defendant Antwan Wade, such that defendants are liable for punitive damages.

WHEREFORE, the Plaintiffs, Winsome Gallimore, Individually, and as Executor of the Estate of Earl Gallimore, demand Judgment against all of the Defendants, including FeEx Corporation, FedEx Ground, KEI Contractors, Inc. and Antwan Wade, jointly, severally and in the alternative for compensatory damages, punitive damages, plus costs of suit, interest, attorney's fees, and any and all other relief as the Court deems just and proper.

## COUNT FOUR - SURVIVAL ACTION AGAINST ALL DEFENDANTS

63.    Plaintiffs hereby repeat and re-allege each and every allegation set forth in paragraphs 1-62 as if each were set forth in detail herein.

64.    In her capacity as Executor of the Estate of Earl Gallimore, the Plaintiff, Winsome Gallimore, brings this action pursuant to N.J.S.A. 2A:15-3, et. seq., the New Jersey Survivors Act.

65.    This civil action is brought to recover on behalf of the Estate of Earl Gallimore, deceased, who was born on February 5, 1962, and was 54 years old at the time of his untimely death, and according to the 2016 New Jersey life expectancy tables had 27.7 years left of expected life.

66.     As a direct and proximate result of the previously plead facts and actions of the defendants, Earl Gallimore, endured great physical and emotional suffering, pain, anguish, humiliation, embarassment and loss of enjoyment of life, when he was left lying on the shoulder of the New Jersey Turnpike on that dark, cold, rainy night, ultimately succumbing to his untimely death approximately 11 hours later.

67.     As a direct and proximate result of the previously plead facts and actions of the defendants, the decedent Earl Gallimore, incurred substantial future lost wages, out of pocket medical expenses, resulting in a workers compensation lien pursuant to Section 40 of the New Jersey Workers Compensation Act, and loss of life's pleasures.

68.     As a direct and proximate result of the previously plead facts and actions of the defendants, the decedent Earl Gallimore's heirs will be deprived of guidance, love, tutelage, companionship, support and comfort, which they would have received from him for the remainder of his natural life.

69.     As a further direct and proximate result of the aforesaid careless, recklessness and negligence of defendant Antwan Wade, Andre Gallimore, who was 15 years old at the time of his father's untimely death, will be especially deprived of the services of his father. Andre Gallimore is a special needs child, suffering from cerebral palsy, and requires special schooling and round the clock care, as he cannot dress himself, feed himself, or take proper personal care of himself, all of which were duties of his father, the decedent, Earl Gallimore.

70.     Plaintiffs' claim, on behalf of the Estate of Earl Gallimore, deceased, includes damages for his physical and emotional pain and suffering, embarassment, humiliation, loss of the enjoyment of life, and for his future loss of earnings and earning capacity, resulting from his untimely death.

71.     As a direct and proximate result of the reckless, careless and negligent actions of Defendants FedEx Corporation, FedEx Ground, and KEI Contractors, Inc., the Plaintiffs have sustained extensive and egregious damages as outlined in paragraphs 45-54 of this complaint as if fully set forth at length herein.

Page 13 of  17

WHEREFORE, the Plaintiffs, Winsome Gallimore, Individually, and as Executor of the Estate of Earl Gallimore, demand Judgment against all of the Defendants, including FeEx Corporation, FedEx Ground, KEI Contractors, Inc. and Antwan Wade, jointly, severally and in the alternative, pursuant to N.J.S.A. 2A:15-3, et. seq., the New Jersey Survivor's Act, for damages, plus costs of suit, interest, attorney's fees, and any and all other relief as the Court deems just and proper.

## COUNT FIVE - PUNITIVE DAMAGES AS TO ALL DEFENDANTS

72. Plaintiffs hereby repeat and re-allege each and every allegation set forth in paragraphs 1-71 as if each were set forth in detail herein.

73. By virtue of the actions set forth in the above paragraphs of the complaint, Defendants FedEx Corporation, FedEx Ground, KEI Contractors and Antwan Wade are liable to Plaintiffs for punitive damages by virtue of the facts plead in paragraphs 1-71 of Plaintiffs' complaint, such that pain, suffering, untimely death of Earl Gallimore, damages suffered by his heirs were a direct and proximate result of the actions of all defendants.

74. Furthermore, the acts plead against the defendants were done with a wilful and wanton disregard of the Plaintiffs, such that the harm coming to the Plaintiffs was reasonably foreseeable.

75. At all relevant times herein, the actions of the defendants FedEx Corporation, FedEx Ground and KEI Contractors, Inc. specifically authorized, participated in and / or ratified the acts of defendant Antwan Wade on the night of December 6, 2017, which lead to the ultimate demise of Earl Gallimore.

76. Specifically with respect to this count, Plaintiffs invoke the doctrines of <u>Res Ipsa Loquitur, Ostensible Agency, and Respondeat Superior</u>, with respect to Antwan Wade and his relation to KEI Contractors, Inc., FedEx Corporation, and FedEx Ground, and with respect to KEI Contractors and its relation to FedEx Corporation and FedEx Ground, such that each is an agent, employee or servant of the other, whose actions are vicariously imputed to the other for purposes of an award for punitive damages, respectively.

WHEREFORE, the Plaintiffs, Winsome Gallimore, Individually, and as Executor of the Estate of Earl Gallimore, demand Judgment against all of the Defendants, including FeEx Corporation, FedEx Ground, KEI Contractors, Inc. and Antwan Wade, jointly, severally and in the alternative for punitive damages, plus costs of suit, interest, attorney's fees, and any and all other relief as the Court deems just and proper.

## COUNT SIX - SPOLIATION OF EVIDENCE AS TO ALL DEFENDANTS

77.   Plaintiffs hereby repeat and re-allege each and every allegation set forth in paragraphs 1-76 as if each were set forth in detail herein.

78.   At all relevant times hereto, the defendants, including FeEx Corporation, FedEx Ground, KEI Contractors, Inc. and Antwan Wade deliberately and negligently took steps to unhook the trailer from the tractor of the Defendants' property, prior to calling 911 to report the accident, knowing that a serious accident had taken place after being advised by defendant Antwan Wade by telephone calls to both defendants KEI Contractors, Inc. and FedEx Corporation and/or FedEx Ground.

79.   As a direct and proximate result of the actions of Defendants, the defendants' trailer involved in the subject accident was not available for inspection, photographing, or examination by the State Police, counsel or others so that a proper preservation of the trailer could be made.

80.   The defendants' trailer is material evidence to the Plaintiffs' case and without said trailer, the Plaintiffs' case is disrupted.

81.   As a direct and proximate result of the actions of defendant in unhooking the trailer prior to calling 911, and not allowing the trailer to be preserved and examined, Plaintiffs are damaged such that they lose the ability to pursue theories directly having to do with the trailer in the form of accident reconstruction, timeline reconstruction, and verification of credibility of statements given to the State Police.

82.   As a further direct and proximate result of the actions of defendants, Plaintiffs could not reasonably learn about the contents on the defendants' trailer to perform a proper accident reconstruction, inspection of freight, timeline reconstruction and verification of statements given to the State Police.

**WHEREFORE**, the Plaintiffs, Winsome Gallimore, Individually, and as Executor of the Estate of Earl Gallimore, demand Judgment against all of the Defendants, including FeEx Corporation, FedEx Ground, KEI Contractors, Inc. and Antwan Wade, jointly, severally and in the alternative for compensatory damages, plus costs of suit, interest, attorney's fees, and any and all other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs  hereby demands a trial by a jury on all of the triable issues of this Complaint.

DiTomaso Law

RICHARD DITOMASO, ESQ.
Attorney for Plaintiffs, Winsome Gallimore,
Individually, and as Executor of the Estate of
Earl Gallimore

DATED:        October 19, 2017

## CERTIFICATION OF NO OTHER ACTIONS

I hereby certify that the matter in controversy is not the subject of any other action pending in any other Court, arbitration, or administrative proceeding to the best of the Plaintiffs' knowledge or belief and no other action, arbitration or administrative proceeding is contemplated.

DITOMASO LAW

RICHARD DITOMASO, ESQ.
Attorney for Plaintiffs, Winsome Gallimore,
Individually, and as Executor of the Estate of
Earl Gallimore

DATED:          October 19, 2017

Page 17 of  17